UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYN EVANS and DENNIS J. BARELA, on behalf of themselves individually, and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHASE MANHATTAN BANK USA, N.A.,<br><br>    Defendant. | No. C-05-3968 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

Robyn Evans and Dennis J. Barela ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege that Chase Manhattan Bank USA, N.A. ("Chase" or "Defendant") improperly increased interest rates on credit card accounts in default, violating the Truth in Lending Act ("TILA"), the Cardmember Agreement, as well as state contract and fraud laws.

Presently before the Court is Chase's motion to dismiss Plaintiffs' eight claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). The Court, having reviewed the parties' submissions, hereby GRANTS Defendant's motion to dismiss.

//

//

**II. BACKGROUND**

Except as noted, the following allegations are taken from Plaintiffs' papers and will be assumed as true for purposes of the present motion.

Plaintiffs have two central grievances. First, Plaintiffs allege that Chase, without advance notice, increased cardmembers' interest rates because of a "single late payment to Chase, or...a reported late payment to some other creditor." Complaint ¶ 2 ("Compl.").[1] Because Chase failed to give advance notice of a rate increase, customers in default often "do not become aware of rate increases for an extended period of time, and some customers never discover such increases or find out the reasons therefor." Id. ¶ 17. The unfairness of this action is increased because Chase, Plaintiffs allege, fails to verify the accuracy of off-Chase delinquencies, thereby increasing rates based on false or inaccurate information. Id. ¶¶ 19, 20.

Second, Plaintiffs bewail Chase's practice of backdating the rate increase to the beginning of the billing cycle. Id. ¶ 9. Such unannounced and furtively applied rate increases are "unfair, unconscionable, and punitive." Id. ¶ 20. Because these rate increases are imposed in addition to other late fees, "they constitute illegal penalties." Id. ¶ 12.

Plaintiffs articulated these grievances in the Complaint.[2]

---

[1] Plaintiff calls the first type an "on-Chase" delinquency and the second an "off-Chase" delinquency. Compl. at 4.

[2] It should be noted that Plaintiffs' counsel, Brian R. Strange, filed an action in March 2005 in the Superior Court for the County of Orange, California alleging similar claims against

The Complaint alleges that (1) Chase violated TILA, (2) Plaintiffs are owed declaratory relief and damages, (3) the Court should sever the unconscionable contract terms, (4) the Court should declare that Chase is imposing and enforcing an illegal penalty, (5) Chase committed consumer fraud, (6) Chase breached its contract with Plaintiffs, (7) Chase breached the covenant of good faith and fair dealing, and (8) Chase's actions constitute unfair and deceptive practices under California law. Compl. at 25-26.[3]

### III. LEGAL STANDARD

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "In reviewing a 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to

---

Chase, but with Faith Dugan and Jeanine Hill named as plaintiffs. See Defendant's Request for Judicial Notice in Support of Motion to Dismiss and Sanction, Ex. A at 1. Chase removed the case to Federal Court in the Central District of California. See Defendant's Memorandum in Support of Motion to Dismiss at 1. The Honorable Cormac J. Carney granted Chase's motion to dismiss with leave to amend. Id. Dugan and Hill filed an amended complaint and then voluntarily dismissed it in August 2005. Id., Ex. D at 1.

[3] The Complaint has two pages marked with "25." The second "25" is the 26th page.

relief."  FRCP 8(a); see also La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986).  Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

**IV. DISCUSSION**

    A.   First Claim:  Violations of TILA

Plaintiffs contend that Chase violated Regulation Z of TILA, 12 C.F.R. § 226.9(c), by "failing to notify its customers of increases in interest rates on or before the effective date of the change."  Compl. ¶ 25.  Plaintiffs bolster their contention by pointing to the fact that the APR increases are discretionary, are based on unknown factors, and are applied retroactively. Plaintiffs' Memorandum in Opposition to Motion to Dismiss at 7-8 ("Pls' Mem.").

Chase contends that Plaintiffs "misconstrue the scope of the notice provisions in Regulation Z," which, Chase asserts, does not apply to the facts at hand.  Defendant's Memorandum in Support of Motion to Dismiss at 5 ("Def's Mem.").  Specifically, Chase contends that "Plaintiffs point to no change in Chase's terms. Rather, the increases complained of are the implementation of terms explicitly disclosed to Plaintiffs."  Id.

Regulation Z, 12 C.F.R. § 226.9(c)(1), requires creditors to notify consumers whenever "any term required under § 226.6 is changed."  The Official Staff Commentary to Regulation Z ("Commentary"), requires Chase to provide written notice "if there is an increased periodic rate or any other finance charge

4

1  attributable to the consumer's delinquency or default."  12 C.F.R.
2  pt. 226, Supp. I, § 226.9 (c)(1), cmt. 3.[4]  The Commentary goes on
3  to state, however, that "[n]o notice of a change in terms need be
4  given if the specific change is set forth initially, such as:
5  [r]ate increases under a properly disclosed variable-rate plan."
6  12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1.

7  Under the Cardmember Agreement, Chase "may vary" a
8  cardmember's Annual Percentage Rate ("APR") if certain
9  circumstances exist, including if the cardmember is "in default
10 under this agreement...[or if he] fail[s] to make a payment to
11 another creditor when due."  Declaration of Melissa Beck in
12 Support of Defendant's Motion to Dismiss, Ex. B at 3 ("Beck
13 Decl.").  The Cardmember Agreement also states that the "default
14 rate will take effect as of the first day of the billing cycle in
15 which the default occurs, and will apply to purchase balances from
16 the previous billing cycle for which periodic finance charges have
17 not been already billed."  Id.

18 The Court finds that Plaintiffs have failed to allege facts
19 sufficient to sustain their claim under TILA.  The Commentary, as
20 stated above, states that creditors need not give notice if the
21 specific change is set forth initially, such as in a variable rate
22 plan.  The Cardmember Agreement gives cardmembers notice of these
23 changes.

24 On a final note, the Court is unimpressed by Plaintiffs'

---

[4] The Commentary, which is put forth by the Board of Governors of the Federal Reserve System is entitled to a great deal of deference.  See Anderson Bros. Ford v. Valencia, 452 U.S. 205, 219 (1981).

5

complaints that the rate increases are discretionary, that they are based on unknown factors, and that the rate increases are retroactive. These complaints have nothing to do with Regulation Z's notice requirements. The Official Staff Commentary to Regulation Z states that "notice must be given if the contract allows the creditor to increase the rate at its discretion but does not include specific terms for an increase." 12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1. According to the Commentary, because Chase's Cardmember Agreement discloses the specific terms for its increases, it is not bound by Regulation Z's notice requirements.[5] Similarly, because Chase gives the reasons for its rate changes, Plaintiffs' contention that they are based on unknown factors is simply not accurate. Finally, that Chase applies rate increases retroactively is disclosed by the Cardmember Agreement.

   The Court grants Defendant's motion and dismisses Plaintiffs' first claim.

   B.   Second, Third and Fourth Claims:  Request for Declaratory Relief, Severance of Terms, and Damages

   Plaintiffs' second, third and fourth claims are based on the alleged unconscionability of certain terms in the Cardmember Agreement. See Compl. ¶¶ 33-51.

   Plaintiffs, in these claims, contend that the terms are

---

[5] Chase discloses the maximum rate it will set an APR in the event of a cardmember's default. The Cardmember Agreement states that "[i]f any of these [default] events occurs, we may increase the APRs (including any promotional APR) on all balances up to a maximum of the default rate stated in the Rates and Fees Schedule." Beck Decl., Ex. B at 3.

6

unconscionable because cardmembers "have no choice with respect to the inclusion of the terms of the standard credit card agreement, nor the amount of the interest rate increases." Compl. ¶ 34. Specifically, Plaintiffs' second claim asks the Court for a "determination and a declaration that these provisions [penalizing rate increases, backdating charges, basing penalties on off-Chase delinquencies] constitute an illegal penalty and as such are unconscionable and unenforceable," and for "damages to the extent Chase has enforced the [unconscionable and illegal] terms." Id. ¶ 38-39. Plaintiffs' third claim asks the Court to sever the unconscionable contract terms and for appropriate damages. Id. ¶¶ 44-45. Plaintiffs' fourth claim asks the Court for an order "preliminarily and permanently enjoining Chase from further enforcement and collection of [improperly] increased finance charges." Id. ¶ 51. Plaintiffs also ask the Court to order Chase to make restitution and disgorge its profits. Id.

Chase contends that the provisions cannot be unconscionable because they are "authorized by the law of Chase's home state, Delaware." Def's Mem. at 7.

The Cardmember Agreement states that the terms of the agreement "shall be governed and interpreted in accordance with...the law of Delaware." Beck Decl., Ex. B at 6. Under Delaware law, a "contract of adhesion may be declared unenforceable, in whole or in part, if its terms are unconscionable within the meaning of 6 Del.C. § 2-302." Del. C. § 2-302 states that the court must determine whether a contract or clause is unconscionable as a matter of law.

7

Section 944 of the Delaware Banking Act, 5 Del. C. § 944, states that "[i]f the agreement governing the revolving credit plan so provides, the...rates of interest under such plan may vary in accordance with a schedule or formula." The Delaware Banking Act states that:

> a permissible schedule or formula may include provision in the agreement governing the plan for a change in...rates of interest applicable to all or any part of outstanding unpaid indebtedness contingent upon the happening of any event or circumstance specified in the plan, which event or circumstance may include the failure of the borrower to perform in accordance with the terms of the plan.[6]

Id. The Cardmember Agreement, by describing what events will cause default rates to go into effect, complies with these requirements.

Therefore, the Court finds that the terms are not unconscionable because they are specifically authorized by statute. If Delaware law were silent as to this issue, Plaintiffs' unconscionability contention may have had some weight. Where, as here, Delaware law not only speaks directly to the issue, but specifically authorizes the custom, the Court will not declare the terms unconscionable.

---

[6] Plaintiffs contend that there is "no such 'schedule or formula' specified in the Cardmember Agreements or otherwise provided to Chase customers...Chase's rate increase in the event of a default may or may not be imposed by Chase, and the amount of any increase is discretionary. A discretionary rate increase in an unstated amount is not a change 'in accordance with a schedule or formula.'" Pls' Mem. at 14.

This analysis blinks the very words of Section 944. The statute declares that a permissible formula or schedule can be based on the occurrence or non-occurrence of an event or circumstance described in the agreement, such as we see in the Cardmember Agreement.

8

Plaintiffs' assertion that the terms are unconscionable becomes, then, to a challenge of the law itself. Unless a law is found to be constitutionally infirm, it is legitimate and enforceable, however unfair the law may seem to allegedly aggrieved persons. Plaintiffs have not contended that the statute is unconstitutional or otherwise infirm.

There are three points the Court wishes to address as a coda to its dismissal of Plaintiffs' second, third and fourth claims.

First, the Court finds no merit in Plaintiffs' contention that the rate increases are "unenforceable penalties." Pls' Mem. at 17. To support their contention, Plaintiffs cite a nineteenth-century Nebraska Supreme Court case and a 1999 New Jersey Supreme Court case. Id. at 18. For obvious reasons, the Court will not concern itself with those cases. The only possibly relevant case Plaintiffs mention, S.H. Deliveries v. Tristate Courier & Carriage, 1997 Del. Super LEXIS 217 (Del. Super. Ct., July 16, 1997), an unpublished case, concerns the question whether a stipulated sum provision in a contract constitutes liquidated damages or a penalty. This case is inapposite to the facts of the instant action.

Second, Plaintiffs declare that under 6 Del. C. § 2-302(2), the "question of whether a contractual provision is unenforceable requires an evidentiary hearing." Pls' Mem. at 19. The Court finds no such requirement in the statute. Furthermore, the Court has already determined that an allegation of unconscionability is a challenge to the law itself, a challenge Plaintiffs have not formally brought.

9

Third, the Court is unmoved by Plaintiffs' statement that they "do not contend that the 'default' interest rates imposed by Chase are unlawful in and of themselves. Rather, it is the manner in which the increases are imposed to which plaintiffs object." Pls' Mem. at 17. "This manner directly violates federal laws, Delaware laws, and Chase's own contracts." Id.

The Court has already addressed these contentions. The Court determined previously that, based on the alleged facts, Chase's actions do not violate federal law. As stated previously, Plaintiffs have not alleged sufficient facts that the manner violates Delaware laws or the contract.

Because the Court finds that the terms are not unconscionable under the facts pled, the Court dismisses Plaintiffs' second, third, and fourth claims.[7]

C.  Fifth Claim: Consumer Fraud under Delaware Law

Plaintiffs claim that Chase's actions (i.e., failure to timely notify customers about increased APRs, apply rate increases

---

[7] In their opposition, Plaintiffs appear to allege that Chase's "practices for off-Chase delinquencies violate the Fair Credit Reporting Act." Pls' Mem. at 19-20.

Federal Rule of Civil Procedure 7(a) allows for the following forms of pleading: a complaint, an answer, a reply to a counterclaim, an answer to a cross-complaint, a third-party complaint, and a third-party answer. "No other pleading shall be allowed, except that the court may order a reply to answer or a third-party answer." Id.

In the instant case, if this is a new claim, this is the first the Court has heard of it. If this is a new claim, the Court will not address it because it has not been properly brought before the Court through an appropriate form of pleading required by Federal Rule of Civil Procedure 7(a).

10

retroactively, concealment of how new APRs are determined, use of off-Chase defaults) constitute consumer fraud under the Delaware Consumer Fraud Act, 6 Delaware Code §§ 2511-2527.  See Compl. ¶¶ 52-59 t 18-21.

Chase contends that because Plaintiffs have failed to allege any misrepresentation or omission - all terms being plainly stated in the Cardmember Agreement - they cannot state a claim under this statute.  Def's Mem. at 12.

The specific statute, 6 Delaware Code § 2513(a), makes it unlawful for any person to use any "deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with the intent that others rely" on the deception "in connection with the sale, lease or advertisement of any merchandise."

The Court finds that Plaintiffs have not stated a claim for consumer fraud.  Rather than practicing concealment or making false promises, Chase, from the beginning of the contractual relationship, notifies cardmembers of the actions it may take in the event of a default.  Specifically, the Cardmember Agreement notifies cardmembers that Chase may change a cardmember's APR, that it would apply rate increases retroactively, and that it "may consider" various factors in determining a new APR, such as off-Chase delinquencies.  Beck Decl., Ex. B at 3.

The Court grants Defendant's motion and dismisses this claim.

D. <u>Sixth Claim:  Breach of Implied Contract</u>

Plaintiffs assert that because the Cardmember Agreement incorporates federal law, Chase is bound by the notification

11

requirements of Regulation Z.  Compl. ¶ 61.  By failing to properly notify customers as Regulation Z requires, Plaintiffs contend Chase has breached an implied contract created by federal law.  Id.

The Court finds that this is a reiteration of Plaintiffs' first claim and dismisses it for the same reasons.  The Cardmember Agreement provides notice that Chase may vary a cardmember's APR. Regulation Z does not require any additional action from Chase. So, even if federal law applies, Chase has not, under the facts alleged, infracted it.

The Court grants Defendant's motion and dismisses Plaintiffs' sixth claim.

### E. Seventh Claim:  Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs contend that by taking the contested actions, Chase breached the covenant of good faith and fair dealing implicit in all contracts.

Judge Carney, as described in Footnote 2, dismissed a similar claim made by Counsel Strange's previous clients by declaring that "Plaintiffs' Second Cause of Action for tortious breach of the implied covenant of good faith and fair dealing is deficient because it seeks to imply terms into the parties' agreement that are inconsistent with the express terms of their agreement and impose new obligations on Defendant."  Def's Req., Ex. B at 1.

The Court finds no reason to depart from the reasoning and conclusion of Judge Carney, and therefore the Court grants Defendant's motion and dimisses Plaintiffs' seventh claim.

      F.    <u>Eighth Claim: Unfair and Deceptive Practices under California Civil Code § 1770</u>

Plaintiffs contend that Chase's actions constitute unfair and deceptive practices under California Civil Code §§ 1770(a)(5) and (19). Compl. ¶ 74. Plaintiffs seek an order "enjoining defendant from employing the practices described in this complaint against any California resident." Id.

Plaintiffs quote the following portion of California Civil Code § 1770:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: ...Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have...Inserting an unconscionable provision in the contract.

Plaintiffs contend that Defendant's failure to notify consumers before a rate effect was put in place "constituted an implied representation that the APRs being charged had not been increased." Compl. at 24. Plaintiffs contend that by imposing retroactive rate increases Chase has "rendered its previous representations as to the characteristics of its services (namely, the APR interest rates) false." Id. ¶ 75. Finally, Plaintiffs contend that the use of off-Chase delinquencies is "unconscionable." Id.

The Court finds that Plaintiffs have not alleged facts sufficient to state a claim for unfair or deceptive acts. First, because Chase was acting under the fully-disclosed terms of the contract, its actions cannot plausibly be labeled a deception. Second, the Court has already determined that the terms are not

13

unconscionable.

G.  Sanctions for Judge Shopping

Chase asks the Court to assess sanctions against Plaintiffs and Plaintiffs' counsel for judge-shopping.  See Defendant's Request for Judicial Notice in Support of Motion to Dismiss and Sanctions.

A Court has inherent authority to sanction bad faith conduct by parties, such as judge-shopping.  See Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1997).

At present, the Court declines to exercise its authority on this issue.  The Court will not at present determine whether Plaintiffs or Plaintiffs' counsel engaged in judge-shopping. Accordingly, the Court will not at this time assess sanctions against Plaintiffs or Plaintiffs' counsel.

The Court, however,

**V. CONCLUSION**

The Court finds that Plaintiffs have not alleged facts sufficient to sustain claims of violations of TILA, state law, and contractual agreements.

Accordingly, the Court DISMISSES Plaintiffs' eight claims and thereby the Complaint and the case with prejudice.

IT IS SO ORDERED.

Dated:  January 27, 2006

_____
UNITED STATES DISTRICT JUDGE

14